UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NEVADA POWER COMPANY,

        Plaintiff(s),

vs.

TRENCH FRANCE SAS, et al.,

        Defendant(s).

Case No. 2:15-cv-00264-JCM-NJK

ORDER GRANTING MOTION TO STAY

(Docket No. 25)

Pending before the Court is Defendant Trench France SAS's motion to stay discovery pending resolution of its motion to dismiss. Docket No. 25. Plaintiff filed a response and Defendant filed a reply. Docket Nos. 29, 30. The Court finds this motion appropriately resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the motion to stay discovery is **GRANTED** and discovery in this matter shall be stayed as to Defendant Trench France SAS pending resolution of its motion to dismiss.

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). In determining whether a stay is appropriate, the Court considers the goals of Rule 1 to "secure the just, speedy, and inexpensive" determination of all cases. *Id.*, at 602-03.[1] The case law in this District makes clear that requests to stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can

---

[1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

1  be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the
2  merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state
3  a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[2]
4  Generally speaking, in the context of a pending motion to dismiss challenging personal jurisdiction,
5  courts are more inclined to stay discovery because it presents a "critical preliminary question." *Kabo*
6  *Tool Co. v. Porauto Indus. Co.*, 2013 U.S. Dist. LEXIS 53570, at *2  (D. Nev. Apr. 15, 2013)
7  (quoting *AMC Fabrication, Inc. v. KRD Trucking West, Inc.*, 2012 U.S. Dist. LEXIS 146270, at *2
8  (D. Nev. Oct. 10, 2012)).  As such, courts in this District have found that a motion challenging
9  personal jurisdiction "strongly favors a stay, or at a minimum, limitations on discovery until the
10 question of jurisdiction is resolved." *Kabo Tool Co. v. Porauto Indus. Co.*, 2013 WL 5947138, at
11 *2 (D. Nev. Oct. 31, 2013) (quoting *AMC Fabrication, Inc.,* 2012 U.S. Dist. LEXIS 146270, at *5-
12 6).

13 With that distinction in mind, the Court has taken a "preliminary peek" at the pending motion
14 to dismiss.  Plaintiff argues that the exercise of personal jurisdiction is permissible because (1) there
15 are approximately eight hundred Trench France SAS bushings currently within the State of Nevada;
16 (2) Trench France SAS maintains a significant sales division targeting regions including the State
17 of Nevada; (3) Trench France SAS contacted Nevada Power in Nevada to send a representative to
18 participate in a joint inspection of the failed bushings; and (4) Trench France SAS acknowledged in
19 writing that is has an ongoing business relationship with Nevada Power. *See* Docket No. 19, at 8-12.

20 It appears that Plaintiff may prevail in opposing the motion to dismiss, but "how the
21 undersigned sees the jurisdictional picture may be very different from how the assigned district judge
22 will see the jurisdictional picture." *AMC Fabrication*, 2012 U.S. Dist. LEXIS 146270, at *10.
23 Because the Court is not convinced that the exercise of personal jurisdiction over Defendant Trench
24 France SAS will be found to be proper by the district judge, it is appropriate to stay discovery
25 pending the resolution of the motion to dismiss. *See id.*

---

[2] Conducting this preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.*

1    Plaintiff also argues that a complete stay is not warranted because jurisdictional discovery
2 should be allowed. *See* Docket No. 29, at 10-11. In opposing the pending motion to dismiss,
3 Plaintiff argues that it should be allowed to conduct jurisdictional discovery if the district judge finds
4 that the record is not sufficiently developed. *See* Docket No. 19, at 12. Thus, it is more prudent for
5 the undersigned to defer the question of whether jurisdictional discovery is necessary to the assigned
6 district judge in his determination of the merits of the pending motion to dismiss. *See AMC*
7 *Fabrication*, 2012 U.S. Dist. LEXIS 146270, at *10.

8    For the reasons discussed above, the motion to stay discovery (Docket No. 25) pending
9 resolution of Defendant's motion to dismiss is hereby **GRANTED**.

10   IT IS SO ORDERED.
11   DATED: June 12, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge