UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEVADA POWER COMPANY, | Case No. 2:15-CV-264 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| TRENCH FRANCE SAS, and SIEMENS AG OSTERREICH, | |
| Defendant(s). | |

      Presently before the court is a motion to dismiss filed by defendant Trench France SAS ("Trench France"). (Doc. # 15). Plaintiff Nevada Power Company ("Nevada Power") filed a response in opposition (doc. # 19), and defendant filed a reply. (Doc. # 23).

      Also before this court is plaintiff's request for leave to conduct jurisdictional discovery. (Doc. # 19). Defendant Trench France opposed plaintiff's motion in its reply. (Doc. # 23).

**I. Background**

      In 1998, plaintiff Nevada Power purchased two transformers from Elin Transformatoren GmbH ("Elin"), which were designed to reduce electrical voltage from the national grid from 525 kV to 230 kV. (Doc. #1 at 3). These transformers were installed at plaintiff's Crystal Substation, which is located in the state of Nevada. (*Id.*).

      Prior to plaintiff's purchase of the Elin transformers, "Elin selected and purchased . . . high-voltage bushings from defendant Trench [France]." (*Id.*) "Elin installed three Trench 525 kV bushings and three Trench 230 kV bushings into each transformer . . . ." (Doc. # 3 at 19).

**James C. Mahan**
**U.S. District Judge**

Defendant Siemens AG Osterreich ("Siemens") subsequently acquired both Elin and Trench France, and has continued to produce transformers containing Trench France's bushings. (Doc. # 1 at 3–4).

On September 14, 2011, a fire occurred at plaintiff's Crystal Substation due to a defective Trench bushing. (*Id.* at 2). Subsequent inspections of the bushing in March 2012 revealed that the bushing's asymmetrical insulation deviated from the manufacturer's original design, causing the bushing to fail. (*Id.* at 5).

Subsequent to further inspections in February 2013, the parties signed an agreement to toll the statute of limitations until February 15, 2015. (*Id.* at 5–6). The parties attended a pre-litigation settlement meeting on October 7, 2014, (*id.* at 5), and pre-litigation mediation on January 7, 2015. (*Id.*).

On February 13, 2015, plaintiff filed a complaint alleging two claims for relief: (1) negligence; and (2) strict products liability. (Doc. #1).

Defendant Trench France argues that dismissal of plaintiff's complaint under Fed. R. Civ. P. ("FRCP") 12(b)(6) is appropriate because plaintiff's claims are barred by the economic loss doctrine. (Doc. # 15). In addition, Trench France challenges this court's personal jurisdiction over defendant under FRCP 12(b)(2). (*Id.*).

**II. Legal Standard**

To avoid dismissal for lack of personal jurisdiction on the pleadings, a plaintiff bears the burden of demonstrating that his or her allegations would establish a *prima facie* case for personal jurisdiction. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Allegations in the plaintiff's complaint must be taken as true and factual disputes should be construed in the plaintiff's favor. *Rio Props, Inc. V. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

Nevada has authorized its courts to exercise jurisdiction over persons "on any basis not inconsistent with . . . the Constitution of the United States." N.R.S. § 14.065. An assertion of personal jurisdiction must comport with due process. *See Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012). To satisfy due process, a court may exercise personal jurisdiction over a defendant only where the defendant has certain minimum contacts with the

**James C. Mahan
U.S. District Judge**

- 2 -

forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). These minimum contacts may present in the form of either general or specific jurisdiction. *LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).

General jurisdiction arises where the defendant has continuous and systematic ties with the forum, even if those ties are unrelated to the litigation. *Hubbell Lighting*, 232 F.3d at 1375 (*citing Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984)). "[T]he plaintiff must demonstrate the defendant has sufficient contacts to 'constitute the kind of continuous and systematic general business contacts that 'approximate physical presence.''" *In re W. States Wholesale Natural Gas Litig.*, 605 F. Supp. 2d 1118, 1131 (D. Nev. 2009) (citations omitted). In making this determination, courts consider "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *In re W. States Wholesale Natural Gas Litig.*, 605 F. Supp. 2d at 1131.

The Ninth Circuit has established a three-prong test for analyzing an assertion of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* (internal citations omitted).

**III. Discussion**

    **A.**    **Personal jurisdiction**

The defendant argues that the court should dismiss this case under FRCP 12(b)(2) for lack of personal jurisdiction. Trench France asserts that its connections with Nevada are insufficient to

establish the minimum contacts required for Nevada courts to exercise jurisdiction over it. (Doc. # 15 at 12).

Plaintiff opposes defendant's motion and asserts that personal jurisdiction over defendant "is supported by the hundreds of Trench bushings that entered Nevada through the stream-of-commerce, by Trench's product- and warranty-support of its Nevada bushings, by Trench's admitted business relationship with Nevada Power, and by Trench's intentional . . . acts through its Nevada agent Mark Tanner." (Doc. # 19 at 2). Plaintiff further requests that, should this court find that it cannot exercise personal jurisdiction over defendant Trench France, it should be permitted to conduct jurisdictional discovery. (*Id.*).

### 1. General jurisdiction

General personal jurisdiction is established when the defendants' contacts with the forum state are continuous and systematic. *Int'l Shoe*, 326 U.S. at 317. Contacts are such when they give rise to liability even though the defendant has not consented to be sued in the state. *Id.* The casual presence or isolated presence of a defendant does not give rise to general jurisdiction. *Id.*

Here, defendants maintain that this court does not have general personal jurisdiction over them, and plaintiff does not contest this point. Furthermore, plaintiff has not set forth any facts to show that this court has general jurisdiction over defendants. Therefore, this court does not have general personal jurisdiction over defendants.

### 2. Specific jurisdiction

"[P]ersonal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). Nevada's long-arm statute, N.R.S. § 14.065(1) provides that "[a] court of this state may exercise jurisdiction over a party to a civil action on any basis not inconsistent with the Constitution . . . ." "For due process to be satisfied, a defendant, if not present in the forum, must have "minimum contacts" with the forum state such that the assertion of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Pebble Beach*, 453 F.3d at 1155 (*quoting Int'l Shoe,* 326 U.S. at 315).

**James C. Mahan
U.S. District Judge**

- 4 -

The "minimum contacts test" requires three criteria in order for a court to have specific jurisdiction over a non-resident defendant: 1) defendant, by some act, must have purposefully availed itself of the privilege of conducting activities in the forum, 2) plaintiff's claims must arise out of defendant's forum-related activities; and 3) it must be reasonable for the court to exercise jurisdiction. *Haisten v. Grass Valley Med. Reimbursement Fund*, 784 F.2d 1392, 1397 (9th Cir. 1986). *See also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). If the plaintiff fails to satisfy either of the first two prongs of the test, the forum state may not exercise personal jurisdiction over the non-resident defendant. *Schwarzenegger*, 374 F.3d at 802.

                        i.        *Purposeful availment*

"To have purposefully availed itself of the privilege of doing business in the forum, a defendant must have 'performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'" *Boschetto*, 539 F.3d at 1016 (*quoting Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990)).

Plaintiff argues that the stream of commerce theory allows this court to assert personal jurisdiction over Trench France, (doc. # 19 at 5), because it "delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in [Nevada]." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980). However, the defendant-manufacturer must do "something more" to "indicate an intent or purpose to serve the market in the forum State." *Asahi Metal Indus. Co. v. Superior Court of California, Solano Cnty.*, 480 U.S. 102, 112 (1987). The Ninth Circuit has defined "something more" as "conduct expressly aimed at the forum" state. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1129 (9th Cir. 2010). *See also Pebble Beach*, 453 F.3d at 1156. This is satisfied "when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000).

Defendant Trench France states that it "was not a party to the underlying contract for the subject transformers . . . has never advertised in Nevada, nor did it have an agreement with Elin

Austria to serve as a sales agent or distributor of its products . . . did not design the product for plaintiff, or any other person or entity in Nevada." (Doc. # 15 at 13).

Plaintiff Nevada Power responds that "there are approximately eight hundred Trench bushings currently in use within the State of Nevada [and] Trench maintains a significant sales division targeting regions including the State of Nevada." (Doc. # 19 at 8). Nevada Power further asserts that Trench France's "ongoing relationship with Nevada Power" is also an appropriate basis for this court to exercise personal jurisdiction over Trench France (*id.* at 9), as evidenced by letters which state that Trench France "values its business relationship with Nevada Power." (Doc. # 1 at 5).

First, defendant vehemently denies that it maintains any sales force in Nevada, and plaintiff offers no evidence to the contrary. Each of Nevada Power's remaining allegations regarding Trench France's forum-related contacts occurred after, and in response to, the 2011 fire which gave rise to this action: the letters which plaintiff references in which the defendant expresses that it "values its business relationship" with the plaintiff were sent in 2012 and 2013; all of the allegations regarding defendant Trench France's customer service efforts occurred in response to the 2011 fire. (Doc. # 1 at 4–6). Personal jurisdiction must exist at the time of the facts giving rise to plaintiff's claim. *See Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir. 1990) ("[o]nly contacts occurring prior to the event causing the litigation may be considered.").

Plaintiff has failed to allege sufficient facts regarding defendant Trench France's contacts with the state of Nevada prior to the 2011 fire; therefore, plaintiff has not adequately pled that the defendant purposefully directed its activities towards the state of Nevada. As plaintiff has failed to sustain its burden with respect to the first prong of the three-part test for personal jurisdiction, we need not, and do not, reach the second and third prongs of the test. *Schwarzenegger*, 374 F.3d at 802. This court lacks personal jurisdiction over defendant Trench France.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 6 -

**B.     Request for jurisdictional discovery**

Plaintiff alternatively seeks leave to take jurisdictional discovery. (Doc. # 19 at 12). Defendant responds that they do not believe that plaintiff's proposed discovery could lead to evidence necessary for specific jurisdiction. (Doc. # 23 at 19).

"Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto*, 539 F.3d at 1020 (*quoting Data Disc, Inc. v. Systems Tech. Assoc, Inc.*, 557 F.2d 1280, 1285 n. 1 (9th Cir.1977)). "Where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery." *Pebble Beach*, 453 F.3d at 1160 (*quoting Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir.1995)). Thus, a plaintiff "seeking jurisdictional discovery must provide some basis to believe that discovery will lead to relevant evidence providing a basis for the exercise of personal jurisdiction and courts are within their discretion to deny requests based "'on little more than a hunch that [discovery] might yield jurisdictionally relevant facts.'" *Pfister v. Selling Source, LLC*, 931 F. Supp. 2d 1109, 1119 (D. Nev. 2013) (*quoting Boschetto*, 539 F.3d at 1020)).

Plaintiff is relying on the "stream of commerce theory" to establish minimum contacts between defendant and the state of Nevada. Therefore, it must provide evidence that Trench France did "something more" to "indicate an intent" to serve the [Nevada] market and that plaintiff's claims arise out of these same contacts. *See Haisten*, 784 F.2d at 1397. Plaintiff alleges that defendant "maintains a significant sales division targeting regions including the State of Nevada." (Doc. # 19 at 8). Defendant vigorously denies this. (Doc. # 15 at 13). Plaintiff contends that jurisdictional discovery will allow it to discover "the extent to which [defendant] has sent representatives to IIEE trade conferences in Las Vegas . . . the extent of [defendant]'s product- and warranty-support efforts in . . . Nevada specifically." (*Id.* at 12).

The jurisdictional discovery requested by plaintiff is based on little more than a hunch. *See Pfister*, 931 F. Supp. 2d at 1119; *Boschetto*, 539 F.3d at 1020. Specifically, plaintiff alleges that Trench France intended to serve the state of Nevada because it maintains a sales force serving

James C. Mahan
U.S. District Judge

- 7 -

Nevada. (Doc. # 19 at 8). Even if jurisdictional discovery were to reveal that Trench France has a sales force in the state of Nevada, plaintiff would still fail to satisfy the second prong of the minimum contacts test because plaintiff purchased the transformers containing defendant's bushings from Elin, who purchased them from Trench France in Austria, not from Trench France in Nevada. *See Asahi*, 480 U.S. at 112.

Plaintiff also seeks to conduct discovery on Trench France's relationship with its affiliates, but has provided no evidence whatsoever of an agency relationship which would establish personal jurisdiction. Although the Ninth Circuit has, at times, allowed discovery into the relationship between a parent and subsidiary, it has done so when there are sufficient factual allegations to support finding an agency relationship. *See Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003).

Plaintiff's contentions are plainly insufficient to allow jurisdictional discovery. *See, e.g., Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (plaintiffs' statement that they "believe" discovery will enable them to demonstrate personal jurisdiction insufficient to require jurisdictional discovery). Accordingly, plaintiff's request for jurisdictional discovery is denied.

**IV. Conclusion**

The court finds that the plaintiff has failed to establish that the defendant has sufficient minimum contacts with the state of Nevada to subject it to personal jurisdiction in this state. Further, the court finds that plaintiff is not entitled to jurisdictional discovery.

The court does not reach defendant's arguments regarding its motion to dismiss plaintiff's complaint pursuant to FRCP 12(b)(6) because it does not have personal jurisdiction over this party.

Finally, the court notes the parties' requests for oral argument on the matters herein. (Doc. # 19, 23). The court declines to hear oral argument at this time.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss for lack of personal jurisdiction (doc. # 15) be, and the same hereby is, GRANTED.

**James C. Mahan**
**U.S. District Judge**

- 8 -

IT IS FURTHER ORDERED that plaintiff's claims against defendant Trench France (doc. # 1) be DISMISSED without prejudice.

IT IS FURTHER ORDERED that defendant's motion to dismiss for failure to state a claim upon which relief may be granted (doc. # 15), be DENIED as moot without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for jurisdictional discovery (doc. # 19) be DENIED.

DATED October 2, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 9 -